UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLEON ORTILLE WILLIAMS,

     Petitioner,

v.                                Case No: 6:26-cv-1053-JSS-LHP

GARRET RIPA, MARKWAYNE
MULLIN, and LOUIS QUINONES,
JR.,

     Respondents.
_____/

**<u>ORDER</u>**

On May 13, 2026, Petitioner initiated this case by filing a verified petition for writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1) and an emergency motion for a temporary restraining order and preliminary injunctive relief (Dkt. 2). These filings indicate that on May 9, 2026, Petitioner was "arrested by law enforcement based on the allegation that he was an undocumented immigrant," and he was "detained at the Orange County jail in Orlando, Florida, without a judicial warrant, or lawful authority, based solely on [a United States Immigration and Customs Enforcement (ICE)] immigration detainer." (Dkt. 1 ¶¶ 1–2; *accord* Dkt. 2 ¶¶ 1–2.) The filings focus on Petitioner's detention by local law enforcement and seek to avoid Petitioner's transfer to ICE custody. (*See* Dkt. 1 ¶ 4; Dkt. 2 ¶ 17; *see also* Dkt. 9 at 3 (complaining of the "constitutional defect created by holding [Petitioner] in local custody for days beyond the detainer period"); Dkt. 11 at 2 (identifying Petitioner's injury as the

"prolonged unlawful detention at the local jail based solely on an immigration hold").)

In response to Petitioner's filings, Respondents report that "Petitioner was detained by ICE on May 19, 2026," and is being held pursuant to 8 U.S.C. § 1226, which entitles Petitioner to "a bond hearing should he request one." (Dkt. 8 at 2–3; *accord id.* at 1 ("Petitioner should receive an individualized bond hearing.").) *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, Nos. 25-14065, 25-14075, 2026 WL 1243395, at *1–2, 2026 U.S. App. LEXIS 13180, at *4, *6 (11th Cir. May 6, 2026) (affirming the district court's holding that "the discretionary detention provisions found in [section] 1226 governed [the petitioners'] detention . . . , rendering each [petitioner] eligible for bond").

Petitioner is now being held under section 1226 and may receive a bond hearing before an immigration judge upon request. He is no longer being detained by local law enforcement at the Orange County jail based on an immigration detainer but has been transferred to ICE custody. The situation described in the petition is no longer present, as the allegedly unlawfully prolonged detention by local law enforcement ended when Petitioner was taken into custody by federal officials. *See Puerto Rico v. Sánchez Valle*, 579 U.S. 59, 69 (2016) (explaining that the "[s]tates are separate sovereigns from the [f]ederal [g]overnment"). "[T]he condition [that Petitioner] sought to escape no longer exists[.] . . . [T]he [c]ourt is powerless to grant relief for a detention that has already ended." *See Scull v. Warden, Fla. Soft Side S.*, No. 2:26-cv-1282-JES-DNF, 2026 WL 1223677, at *1, 2026 U.S. Dist. LEXIS 98449, at *2–3 (M.D. Fla. May 5, 2026); *cf. Fla. Immigrant Coal. v. Mendez*, No. 09-81280-CIV-

MARRA, 2010 WL 2163401, 2010 U.S. Dist. LEXIS 52473 (S.D. Fla. May 26, 2010). Should Petitioner wish to challenge his present detention by federal officials, he may do so by initiating another case.  The court cautions Petitioner that he must exhaust his administrative remedies with respect to his federal detention.  *See McGee v. Warden*, 487 F. App'x 516, 518 (11th Cir. 2012) ("[The petitioner] has not . . . establish[ed] that there is a futility exception to the requirement to exhaust administrative remedies under [28 U.S.C. § 2241].  Because [the petitioner] did not exhaust his administrative remedies, the district court did not have jurisdiction to review his [28 U.S.C. § 2241] petition.").  (*See* Dkt. 8 at 3–5.)

Accordingly:

1. The order to show cause (Dkt. 10) is **DISCHARGED**.

2. This case is **DISMISSED without prejudice**.

3. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close the case.

**ORDERED** in Orlando, Florida, on May 22, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

- 3 -